Chancellor J. Johnston
delivered the opinion of the.court.
Under the decided cases, the delivery of the bond would have been established upon even less evidence than was furnished on the trial. As it is, the proof fully sustains the chancellor’s conclusion pn the fact.
The law of the case seems to admit of little doubt.
Cases have been quoted to shew that agents will not aid a mere volunteer, where no legal right has passed, or where the action of this court is necessary to constitute the relation of trustee, and cestui qué trust.
But the delivery and acceptance of the bond, ipso facto, constituted Mr. Henry Middleton, trustee. The bond contained his commission, and set forth his duties.
*199 it also vested in him, the debt of which it was the evidence f and if that debt should be detained, he had a legal remedy to reco-' ver it.
Wherever a trustee has accepted a trust, he is bound to a dili.' gent Uischarge of his duties. If he holds choses in action, with a clear remedy on them, it is unfaithful in him not to endeavor to enforce them. If he holds a Bond, even although that bond is a free gift, he has no right to remit it.
It never was ihe jaw that a trustee was not as amenable to a 'volunteer cestui que trust, as to one who is not a volunteer. If that' were the law, no executor would be accountable to collateral legatees.
So that without going further tiran Mr. Henry Middleton, the' .plaintiff has aright to come here to compel him to perform his trust.-
But if he is liable, it results that he may be compelled, also, to' surrender to his cestui que trusts, all the legal remedies he possesses.And this puts the plaintiff in possession of the bond, to all intents,* as if it. had been drawn to him as obligor, or assigned to him.
If it had been drawn to the plaintiff, by Mr. John Izard Middleton, or assigned to him by Mr. Henry Middleton, will it be pretended that the plaintiff could not recover from the obligor, even if it was given on no consideration ? If it had been given on a consideration, which foiled, that would be a good defence. But the original want of consideration would be none.
• But if a consideration were necessary to support the transaction, and enable t'he plaintiff to sue here, one existed in this case, not valuable, indeed, but meritorious. The chancellor has stated it truly and forcibly.
The object was to heal family discord, by curing suspicions.
In Wiseman vs. Roper, 1 Ch. Rep. 84, articles were enforced in favor of a nephew against an uncle, whose principal object, in entering into them, was to reconcile the nephew’s father to him.
In Stapleton vs. Stapleton, 1 Atk. 1, Lord Hardwicke held a volunteer entitled to the execution of an agreement intended to establish the peace of a family.
If the court, in this case, travels beyond the case of the trustee and cestui que trusts, and takes cognizance of the liabilities of the obligor, it is at the instance of the defendants, who insisted on his being "made a party. Being here, at his own instance, the court will, to prevent circuity of action, decree against him what he would have been liable to pay the defaulting trustee, or what the plaintiffs could recover, if the bond had b9?n assigned to them.
Petigru, for motion.
Gkuikh, contra.
Filed 6th March, 1837.
The payment of the bond is, by its terms, made to depend upoti the extinguishment of the debts and legacies charged on Mrs. Mid. dletau’s estate. The instrument should receive a reasonable construction ; neither too strict nor too loose on either side. On the one hand, it could not be the intent of the obligor, when ho gave the bond, to give an unavailable obligation ; which this would be, if he might evade payment, by capriciously delaying to discharge the precedent obligations. On the other hand, he should not be bound to greater diligence in paying the prior obligations, than would be exacted of one who had accepted a trust to pay them out of the assets of the estate; and if, by reasonable diligence, they could not be paid as early as the plaintiff could have wished ; or, if without fault in Mr. Middleton, the assets were wasted by an agent, (which would excuso a trustee,) those circumstances should be taken into consideration in fixing the time when the debts and legacies should have been extinguished. Oí course, these matters will be attended to in the reference which the chancellor lias ordered.
The motion is dismissed.
J. JOHNSTON,
We concur,
WILLIAM HARPER,
DAVID JOHNSON,
Chancellor Pesaussukb absent, from indisposition.